**[J-15-2021] [MO: Saylor, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 49 MAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at 720 MDA 2019 |
| | : | dated January 10, 2020 Affirming |
| v. | : | Judgment of Sentence of the |
| | : | Lycoming County Court of Common |
| | : | Pleas, Criminal Division, at No. CP- |
| JORDAN ADONIS RAWLS, | : | 41-CR-89-2017 dated April 5, 2019 |
| | : | |
| Appellant | : | ARGUED: March 10, 2021 |

**DISSENTING OPINION**

**JUSTICE DOUGHERTY**                                    **DECIDED: August 17, 2021**

I agree with the majority's conclusion there is no *per se* rule invalidating a waiver of the Sixth Amendment right to counsel, by use of the *Miranda*[1] warnings, "merely because an arrestee was not advised that charges had been filed." Majority Opinion at 13.[2] However, the record reveals the circumstances surrounding appellant's waiver in the present case included more than the mere fact he was not advised that charges had been filed against him. On this point, I agree with Justice Wecht that Agent Peacock's assuaging of appellant's culpability, in addition to his failure to advise appellant of the charges against him, leads to the conclusion the Commonwealth failed to prove appellant "truly understood the 'full dangers and disadvantages of' waiving his right to counsel or

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] I also reiterate the majority's point that "this Court may take a different view when presented with an analogous claim under the Pennsylvania Constitution[.]" Majority Opinion at 13.

that those risks were adequately explained to him." Dissenting Opinion at 14, *quoting Patterson v. Illinois*, 487 U.S. 285, 299-300 (1988). As such, I would hold appellant's waiver of his Sixth Amendment right to counsel was unknowing based "upon the particular facts and circumstances surrounding [this] case[.]" *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Therefore, I respectfully dissent.